IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


RENE GARCIA                                                                                              PLAINTIFF

       v.                              Civil No.  13-5296

JUDGE WILLIAM STOREY;
ATTORNEY BRYAN L. POWELL;
DEPUTY PROSECUTING ATTORNEY
AMY M. DRIVER; DETECTIVE
M. MILLER, Fayetteville Police Department;
and DETECTIVE WILLIAMS,
Fayetteville Police Department                                                                DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    This is a civil rights action filed by the Plaintiff pursuant to the terms of 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

    The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

    Plaintiff maintains his constitutional rights were violated when he was wrongfully prosecuted for rape, provided with ineffective assistance of counsel, falsely imprisoned, and discriminated against.

    **1.  Background**

    According to the allegations of the complaint, on October 8, 2012, Plaintiff was interviewed by Detective Miller about the rape of a minor.  Plaintiff indicates he repeatedly

denied having sexual intercourse with the unidentified victim. Plaintiff, however, admitted he had sent nude pictures to the victim.

Plaintiff was arrested and charged with two counts of rape and with sexual indecency. Plaintiff maintains that probable cause to arrest him did not exist. He alleges that he was charged without any evidence. Plaintiff contends he should have only been charged with sexual indecency.

Plaintiff was booked into the Washington County Detention Center. He bonded out four days later. He learned that the Springdale Police Department had been to the residence he had been living at and taken some personal property, including two television sets and two PS3 games. Plaintiff indicates the property taken was not his. To this day, Plaintiff asserts he still has no idea why law enforcement officers took that property.

Plaintiff indicates that on February 8, 2013, he was pulled over by a state trooper. Plaintiff was told a BOLO (Be on the Look Out) had been issued for Plaintiff's vehicle because he was believed to have been with the rape victim. Plaintiff's vehicle was towed and two cell phones and a laptop were confiscated. Plaintiff overheard the trooper saying something about a kidnaping. Plaintiff stated that he had picked the victim up from school but she went with him voluntarily. Plaintiff admitted he had violated the no contact order. Plaintiff was booked into jail and charged with kidnaping.

Plaintiff's family retained counsel, Bryan L. Powell, for the Plaintiff. Plaintiff states that as soon as the retainer was used up, Plaintiff states Attorney Powell did not want to work with the Plaintiff anymore and urged him to accept a plea bargain rather than go to trial. Plaintiff believes Attorney Powell's actions helped to convict him.

Judge William Storey presided over the criminal trial. Plaintiff maintains Judge William Storey violated Plaintiff's constitutional rights when he: refused to allow Plaintiff to dismiss his attorney; denied Plaintiff's request for a change of venue; was racist against Hispanics; and gave the maximum sentences to sex offenders.

As relief, Plaintiff asks that his conviction be dismissed. Further, he asks that all Defendants be relieved of their duties.

**2. Discussion**

The complaint in this case is subject to dismissal for a number of reasons. First, Judge William Storey is immune from suit. Mireles v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); see also Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, Attorney Powell is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). The Supreme Court has held that defense

attorneys do not act under color of law while representing criminal defendants. Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Third, Amy Driver, the prosecuting attorney, is immune from suit. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Fourth, to the extent Plaintiff maintains he was innocent and should never have been arrested, the claim fails. In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law."

> Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

Baker, 443 U.S. at 145-46.

Fifth, to the extent Plaintiff alleges he was maliciously prosecuted, the claim fails. The "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution." Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Sixth, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. See e.g., Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 483-89 (1994); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Finally, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of

a writ of habeas corpus." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). Plaintiff's conviction has not been reversed or called into question in any way.

### 3. Conclusion

Accordingly, I recommend that the Complaint be dismissed as the claims asserted are frivolous, fail to state claims upon which relief may be granted, are brought against individuals immune from suit, or are not presently cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i-ii). The complaint should be dismissed without prejudice.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of April 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE